United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20269-CR-Scola |
| Osmani Valdivia Perez, Defendant. | ) ) ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on Defendant Osmani Valdivia Perez's motion for a reduction of sentence pursuant to Amendment 821. (Mot., ECF No. 109.) There is no need for the Government to respond. After careful consideration of the Defendant's written submission and the relevant legal authorities, the Court **denies** the motion for reduction of sentence. (**ECF No. 109**.)

1. **Background**

On June 21, 2022, Perez was indicted on one count of conspiracy to export stolen vessel parts and to smuggle goods from the United States in violation of 18 U.S.C. § 371, two counts of exporting stolen vessel parts in violation of 18 U.S.C. § 553(a)(1), and two counts of smuggling goods from the United States in violation of 18 U.S.C. § 554(a). (Indictment, ECF No. 3.) On February 22, 2023, Perez pled guilty to conspiracy to export stolen vessel parts and to smuggle goods from the United States in violation of 18 U.S.C. § 371. (ECF No. 47.) Perez originally had a total offense level of 27, a criminal history category of II, and a guidelines range of 78 to 97 months' imprisonment. However, because Perez was allowed to plead guilty to one count of conspiracy which carried a statutory maximum of sixty months imprisonment, the guidelines range was sixty months. The Defendant was subsequently sentenced to sixty months' imprisonment. (Judgment, ECF No. 82.)

Since the Defendant was sentenced, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or

fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf.

Moreover, Part B of Amendment 821 allows for relief for zero-point offenders by providing for "a decrease of two levels from the offense level … for offenders who did not receive any criminal history points … and whose instant offense did not involve specified aggravating factors." Amendment 821, Part B.

Perez now seeks retroactive application of Amendment 821 to his sentence.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In

addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Amendment 821 does not apply to Perez's sentence. First, Perez did not receive criminal history status points due to being under another criminal justice sentence, so Part A of Amendment 821 does not apply. Additionally, Perez has two prior felony convictions and received two criminal history points. Therefore, Perez is not a zero-point offender and Part B of Amendment 821 does not apply.

Because Amendment 821 does not apply to Perez, the Court need not evaluate the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** Perez's motion for a reduction of his sentence (**ECF No. 109**.) The clerk shall send a copy of this Order to the Defendant.

**Done and ordered** in Miami, Florida on December 31, 2024.

Robert N. Scola, Jr.
United States District Judge